Matter of H. (Ronald H.) (2021 NY Slip Op 02069)





Matter of H. (Ronald H.)


2021 NY Slip Op 02069


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Docket No. NN-02356-19, NN-02357-19 Appeal No. 13489 Case No. 2019-03761 

[*1]In the Matter of H. Children, Children Under Eighteen Years of Age, etc., Ronald H., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Daniel R. Katz, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondent.
Larry S. Bachner, New York, attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, New York County (Clark V. Richardson, J.), entered on or about September 3, 2019, to the extent it found that respondent neglected the subject children, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence, establishing that the father's actions posed an imminent danger to the children's emotional and physical well-being (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The agency's protective specialist testified that the children disclosed seeing the father push his way into the mother's apartment and physically abuse her. These out-of-court statements by the children cross-corroborated each other and, thus, were properly admitted into evidence (see Matter of Serenity G. v Modi K., 171 AD3d 588, 588 [1st Dept 2019]; Matter of Ivahly M. [Jennifer L.], 159 AD3d 423 [1st Dept 2018]). In view of the fact that the children witnessed the domestic violence and also became involved, whether by calling 911 for help or by attempting to physically stop the father, the instance of domestic violence resulted in physical, mental or emotional impairment (see Matter of Damaris D. [Durven D.], 169 AD3d 504 [1st Dept 2019]). Moreover, in view of the fact that the father chose not to testify or provide any evidence in support of his case, the Family Court properly drew a negative inference against him (see e.g. Matter of Jaiden M. [Jeffrey R.], 165 AD3d 571, 572 [1st Dept 2018]).
The father argues that the court violated his due process rights because it determined that he punched the mother in the face when, in fact, the testimony only showed that he punched her but failed to indicate where. Contrary to the father's argument, his due process rights were not violated. The court's reference as to where the mother was punched was not material to its substantive determinations (see Matter of Christina Ann B. [Charles P.], 114 AD3d 407, 408 [1st Dept 2014]).
We have considered respondent's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021